JjPETERS, J.
John Maddox, Jr., appeals a judgment rendered by Charlotte L. Bushnell, workers’ compensation judge for District 3,[1] granting an exception of lack of subject matter jurisdiction and dismissing his workers’ compensation claim against his employer, Anderson Trucking Services (Anderson Trucking). For the following reasons, we reverse that judgment and remand for further proceedings.
On September 18, 2000, Maddox filed a claim for compensation benefits against his employer, Anderson Trucking, a Minnesota corporation,[2] claiming that he was in *594 jured in a work accident which occurred in Rochester, New York, on August 3, 2000. Anderson Trucking responded to the claim by filing, among other things, a declinatory exception of lack of subject matter jurisdiction. In this exception, Anderson Trucking asserted that it had hired Maddox in Gary, Indiana, and, therefore, the appropriate forum for his claim was the State of Indiana. After a hearing, the workers’ compensation judge granted this exception and dismissed Maddox’s claim, and Maddox has appealed.
Although Anderson Trucking is a Minnesota corporation, it has offices in Gary, Indiana. It advertises for truck drivers in various trucking industry booklets available to cross-country truck drivers in truck stops, including locations in Louisiana. Maddox, a truck driver with approximately twenty years of experience, testified at the hearing on the exception that he saw an Anderson Trucking advertisement in an industry booklet which he obtained from a Louisiana truck stop in late May 2000. He ^responded to the advertisement, and Anderson Trucking hired him in June 2000.
According to Maddox, he was offered the position by telephone and accepted it from his Merryville, Louisiana home. Only after accepting the position did he travel to Anderson Trucking’s Gary, Indiana office to “get lined out on it.” Maddox testified that he made it clear to the representative of the company in the telephone conversation when he accepted the position that he would not go to the Gary, Indiana office unless they guaranteed him a job in advance of the trip. According to Maddox, the representative informed him that he was hired if he could pass the physical.
Maddox testified that he then traveled to Gary, Indiana, at Anderson Trucking’s expense and, once there, completed a company orientation program as well as a physical examination. He then continued to St. Cloud, Minnesota, where he entered into a lease-purchase agreement with the company and obtained possession of a truck which was the subject of the agreement. Maddox testified that he delivered his first load for Anderson Trucking to Baton Rouge, Louisiana, and that, in the next six weeks before his accident, he hauled three or four additional loads.
Maddox’s testimony was the only testimony offered at the trial of the exception. In opposition to Maddox’s testimony, Anderson Trucking offered the affidavit of Kurt Stunek, a company claims representative, who stated the following:
1. That he is the Claims Representative for ATS Specialized Inc. and has personal knowledge of the following facts;
2. John Maddox (employee) contacted the recruiting department of ATS Specialized Inc. (employer) after seeing an advertisement in “Trucking 2000” magazine;
3. On our [sic] about May 22, 2000 Employee called and inquired about employment; therefore, an application was sent to him from the corporate office in St. Cloud, Minnesota, to employers [sic] home in Marksville, Louisiana;
| ⅞4. After review in St. Cloud, Minnesota, the application was then forwarded to Gary, Indiana and the *595 Employee was brought to Gary, Indiana for training and orientation but no offer of employment was made at the time.
5. Upon completion of the training and orientation in Gary, Indiana, and after passing a drug test, which was conducted in Indiana, employee was hired in Gary, Indiana;
6. No contract of hire was made in the State of Louisiana;
7. After being hired, Employee was issued a tractor bearing Minnesota tags PRK-153 and then initiated employment through the state of Indiana;
8. Employer is a Minnesota Corporation (as evidence [sic] by the true and accurate copy of the certificate of good standing, attached here to as Exhibit A) and has no offices in the state of Louisiana;
9. All training of drivers takes place in Indiana and there was no training of Employee in the state of Louisiana;
10. Attached to this affidavit is a true and accurate copy of the Employee’s agreement (attached here as Exhibit B) that Workers’ Compensation coverage would be provided under the laws of Indiana;
11. Employee’s employment was not principally located in the state of Louisiana;
12. The alleged injury of August 3, 2000, occurred in Rochester, New York;
13. Communication between the Employee and the fleet manager, was by Qualcomm, while the employee was making long hauls and while the fleet manager was located in Minnesota;
14. Without authorization, Employee took the tractor to Louisiana and reported on or about August 7, 2000 that he was injured on or about August 3, 2000 in Rochester, New York;
15. Upon receipt of the reported injury, employer filed the attached first injury report (attached here as Exhibit C) with the Indiana Office of Workers’ Compensation;
16. That all of the foregoing allegations are true and correct to the best of his knowledge and belief.
RMaddox’s counsel timely objected to the admission of this affidavit.
Subject matter jurisdiction “is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” La.Code Civ.P. art. 2. It cannot be conferred on a court by consent of the parties, and any judgment rendered by a court without subject matter jurisdiction is void. La.Code Civ.P. art. 3. Maddox relies on La.R.S. 23:1035.1(l)(b) in support of his position that Louisiana has subject matter jurisdiction to consider his workers’ compensation claim. That statute provides for coverage for a worker injured in another state if, at the time of his injury, “he [was] working under a contract of hire made in this state.” Id. In his sole assignment of error, Maddox contends that the workers’ compensation judge erred in concluding that his contract of hire was not made in Louisiana.
In reviewing the evidence presented, we conclude that the workers’ compensation judge erred in admitting the Stunek affidavit. The affidavit is hearsay. See La.Code Evid. art. 801(C). While La.R.S. 23:1317 provides a relaxed evidentiary standard in workers’ compensation pro *596 ceedings, the workers’ compensation judge’s factual findings must still be based on competent evidence. Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.3/4/98), 708 So.2d 375. In relation to the use of hearsay evidence in workers’ compensation cases, the supreme court in Chaisson stated the following:
To give effect to the more relaxed evidentiary standards in LSA-RS 23:1317, we hold that the hearing officer has the discretion to admit hearsay evidence in worker’s compensation proceedings. We further hold that such evidence can qualify as “competent evidence,” provided that the evidence has some degree of reliability and trustworthiness and is of the type that reasonable persons would rely upon. This determination must be made on a case-by-case basis under the particular |sfacts and circumstances. The reviewing court must evaluate the competency of the evidence under the manifest error standard.
Id. at 382.
In responding to Maddox’s objection to the affidavit, counsel for Anderson Trucking stated: “I believe that it would be unreasonable for us to attempt to get affidavits from every person that Mr. Maddox spoke to in either Minnesota or Indiana.... What I have is a sworn affidavit of what Mr. Stunek is saying that he does have personal knowledge to, and I don’t believe there’s any evidence to disprove this affidavit; and just in conclusion — I mean, we can speculate all day long what Mr. Stunek knew or did not know or where he was or where he was not, but what we have in the record is his sworn testimony.” (Emphasis added.) In admitting the affidavit, the workers’ compensation judge stated that “this evidence will go to the weight.” Additionally, the workers’ compensation judge stated that, in considering the affidavit, she was “going to have to assume that he either was present when Mr. Maddox made the phone call to the recruiting department or he received this information from someone else. Is that correct, sir?” (Emphasis added.) Counsel for Anderson Trucking responded to this question by stating: “That’s all I have, Your Honor. I mean, that’s — I have the same information you have; and whether or not he was the person who [sic] Mr. Maddox spoke to personally, I don’t know.” (Emphasis added.) In other words, even counsel for Anderson Trucking was unable to vouch for the correctness of the affidavit.
We first note that it was improper for the workers’ compensation judge to assume facts not in evidence. Stunek executed the affidavit in Stearns County, Minnesota. He does not state that he was the individual who communicated with Maddox concerning the position but states merely that he has personal knowledge of | ^certain facts. Unless he was the party communicating with Maddox, the facts presented constitute double hearsay. It appears that this affidavit is nothing more than a summary of Anderson Trucking’s position in this litigation. The double hearsay is made even more suspect considering the many factual assertions of which Stunek claims to have personal knowledge and considering Maddox’s testimony that all of his telephone conversations with the company were with either Greg Labrasca or Scott Anderson, two company recruiters, and not with Stunek.
We are also not impressed with Anderson Trucking’s position that it should not be required to present affidavits of all those persons with whom Maddox spoke in the hiring transaction. The law imposes on the party seeking to prove a fact at issue the burden of proving that *597 fact by competent evidence. Anderson Trucking simply did not do so in this case.
Given the evidence presented, we find that this particular affidavit is not competent evidence and that the workers’ compensation judge committed manifest error and was clearly wrong in relying on its contents in granting the exception.
DISPOSITION
We reverse the judgment of the workers’ compensation judge granting the exception of lack of subject matter jurisdiction and dismissing the claim of John Maddox, Jr. In doing so, we remand this matter to the workers’ compensation court for further proceedings. We tax all costs of this appeal against Anderson Trucking Services.
REVERSED AND REMANDED.

. The name of the workers' compensation judge and the compensation district are provided in compliance with Acts 2001, No. 593, § 1, effective August 15, 2001.

. While the pleadings and the briefs list the employer as either Anderson Trucking Services or Anderson Trucking Service, Inc., at the hearing on the exception the employer filed a certificate of the Secretary of the State *594 of Minnesota asserting that a corporation identified as ATS Specialized, Inc. is a Minnesota corporation in good standing within that state. It does not appear to be disputed that ATS Specialized, Inc. and Anderson Trucking are one and the same corporation, and we will refer to the employer in this litigation as Anderson Trucking.