THIBODEAUX, Judge.
In this case, Anderson Trucking Services and Great West Insurance Company seek an order from this court on supervisory writ, instructing the lower court to reopen the record, allowing for additional evidence on the exception of lack of subject matter jurisdiction. For the following reasons, we affirm the judgment of the workers’ compensation judge on the basis of the “law of the case” doctrine.

FACTS AND PROCEDURAL BACKGROUND

John Maddox was hired by Anderson Trucking Services (hereinafter “Anderson”) a company based in Minnesota. Mr. Maddox was allegedly injured while on the job on August 3, 2000. Mr. Maddox was domiciled in Louisiana during his employment with Anderson and made his workers’ compensation claim in Louisiana. Defendants asserted several exceptions, including the one at issue in this case, where the defendants argued that the Louisiana courts lacked subject matter jurisdiction over Mr. Maddox’s claim because his employment was never principally located in Louisiana nor was a contract-for-hire made in Louisiana.
A hearing was held on February 14, 2001, by the workers’ compensation court on Anderson’s declinatory exception of lack of subject matter jurisdiction. At this hearing, Defendant’s entered the affidavit of Kurt Stunek, a representative of Anderson Trucking. This affidavit suggested that there was no contract-for-hire made in Louisiana. Thus, because Anderson did not hire Mr. Maddox in Louisiana, Mr. Maddox’s employment was not carried out in Louisiana, and Anderson was not incorporated nor did it have its principal place of business in Louisiana, the trial court granted the exception and Mr. Maddox’s claim was dismissed on March 23, 2001.
laMr. Maddox timely appealed to this court. This court held that the affidavit of Kurt Stunek regarding the contract-for-hire was inadmissable hearsay evidence. This court reversed the ruling of the workers’ compensation judge and remanded the case back to the workers’ compensation court for further proceedings. Maddox v. Anderson Trucking Servs., 01-0953 (La.App. 3 Cir. 12/12/01); 801 So.2d 593.
The workers’ compensation judge again set the matter for further hearing on the exception on February 14, 2002. At the remand hearing, Anderson argued that the court should reopen the record for additional evidence in order for it to clarify the record and to cure the procedural defect of the admission of the “hearsay” affidavit. On remand, the workers’ compensation judge denied Anderson’s request to reopen the record and issued a ruling on February 15, 2002, referring the reopening of the exception to the trial on the merits.
Anderson filed a supervisory writ requesting this court to direct the lower court to reopen the record and allow Anderson to submit further evidence. The supervisory writ also requested that this court direct the lower court to decide the exception prior to trial. The writ was subsequently granted by this court on *1228 April 17, 2002, for the purpose of additional briefing and argument.

LAW AND ANALYSIS

Anderson entreats us to consider whether the Office of Workers’ Compensation erred in failing to reopen the record to allow the supplementation of that record and in failing to rule on the exception prior to the trial. In the first Maddox appeal, this court explained:
We are also not impressed with Anderson Trucking’s position that it should not be required to present affidavits of all those persons with whom Maddox spoke in the hiring ^transaction. The law imposes on the party seeking to prove a fact at issue the burden of proving that fact by competent evidence. Anderson Trucking simply did not do so in this case.
Given the evidence presented, we find that this particular affidavit is not competent evidence and that the workers’ compensation judge committed manifest error and was clearly wrong in relying on its contents in granting the exception.
DISPOSITION
We reverse the judgment of the workers’ compensation judge granting the exception of lack of subject matter jurisdiction and dismissing the claim of John Maddox, Jr. In doing so, we remand this matter to the workers’ compensation court for further proceedings.
Id. at 596-97. The remand order was not meant to re-litigate the exception of lack of subject matter jurisdiction. Rather, it was intended to move this case to “further proceedings,” such as a trial on the merits of Mr. Maddox’s claims or preliminary matters other than subject matter jurisdiction. The first Maddox appeal was a fait accompli so to speak, on the issue of subject matter jurisdiction.
Our decision is consonant with the “law of the case” doctrine which
operates to avoid re-litigation of the same issue, promotes consistency of results in the same litigation and fosters fairness by affording parties one single opportunity to argue the issue and have it decided. The doctrine operates “to prevent the appellate court from reconsidering its own rulings of law on a subsequent appeal in the same case.” Application of the doctrine is flexible, and we are allowed to deviate therefrom in cases where “it would effectuate an obvious injustice or where the former appellate decision was clearly erroneous.”
West v. G & H Seed Co., 01-1453, p. 4 (La.App. 3 Cir. 8/28/02); 832 So.2d 274 (Citations omitted). There is no obvious injustice in our conclusion nor is the previous Maddox opinion clearly erroneous; indeed, it is soundly decided.
|/While we recognize that a trial is a search for the truth, we equally recognize that that search cannot be interminable; it must end at some point. In this case, it has ended.

DECREE

For the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed. This suit is remanded to the trial court for trial on the merits of John Maddox’s claims. The costs of this appeal are assessed to Anderson Trucking Services and Great West Insurance Company.
WRIT DENIED. JUDGMENT AFFIRMED AND CASE REMANDED FOR TRIAL ON THE MERITS OF PLAINTIFF’S CLAIMS.
AMY, J., dissents and assigns written reasons.